REINHART v. JOHNSON ET AL.

62    155
f140   715

1. **Evidence:** ATTORNEY AND CLIENT: CONFIDENTIAL COMMUNICATIONS. An attorney may testify against a client in regard to a matter with which he was in no way professionally connected, and as to which he did not obtain his knowledge through his professional relations with his client.

2. **Sureties:** CONTRIBUTION: INDEMNITY TO ONE INURES TO BENEFIT OF ALL. Where one of several sureties receives a fund by way of indemnity, it inures to the benefit of all; and, it appearing from the evidence herein that plaintiff has been indemnified to the full extent of payments made by him, he is not entitled to recover contribution from his co-sureties.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, DECEMBER 5.

ON the sixteenth day of September, 1875, Loretta Long, since intermarried with one Shropshire, widow of Jesse Long, deceased, was duly appointed administratrix of the estate of her deceased husband, and executed a bond as administratrix, with the plaintiff and defendant as sureties, in the sum of $175,000. In the settlement of the estate, the said Loretta Shropshire, as administratrix, became indebted to Alice Long Hewitt in a large amount, for which she as principal, with the plaintiff and the above named defendants as sureties, executed to Alice L. Hewitt their promissory note, upon which, in November, 1880, judgment was recovered for the sum of $2,466.74 and costs. Execution issued upon this judgment, and the property of the plaintiff was levied upon, and, on the ninth day of July, 1881, sold, satisfying the judgment, which then amounted to $2,662.76.

The plaintiff brings this action against defendants, his co-sureties, to enforce contribution. The plaintiff is a brother of Loretta Shropshire. The defendants claim that the plaintiff, enjoying the confidence of the said Loretta, and having full knowledge of her financial condition, and that she was about to become wholly insolvent, at a public sale of personal property of said Loretta, in October, 1877, purchased cattle and other stock to the amount and value of $1,500, for the purpose of obtaining indemnity as one of the sureties on said administratrix's bond, for which he has not paid, and the amount of which he still holds as indemnity.

The defendants further claim that, by way of further indemnity upon said administratrix's bond, the plaintiff drew a check upon the bank of Newton for $1,000 against money of the said administratrix in said bank, and received thereon the sum of $1,000, which he held and used to idemnify himself as a surety upon said administratrix's bond. The de-

fendants further claim that the plaintiff, as surety of said Loretta Shropshire upon a stay bond, caused certain of her real estate to be sold upon execution, and bid in by his brother, Jehu Rheinhart; that afterward, the said Loretta being desirous of procuring a loan upon said land in the sum of $4,250, the plaintiff exacted and received out of said loan the sum of $750, for a reconveyance of said land to said Loretta, and that said sum was exacted and obtained as further indemnity against his liability upon said administratrix's bond. The defendants insist that all these sums inure to their benefit, and ask that the cause be transferred to the equity docket for a proper accounting.

The cause was transferred to the equity docket, and heard as an equitable action upon depositions. The court rendered judgment against each of the defendants for $333.42, and one-eighth of the costs. The defendants appeal.

*W. Phillips* and *Ryan Bros.*, for appellants.

*H. S. Winslow* and *C. E. Roach*, for appellee.

DAY, CH. J.—I. The plaintiff objected to all the testimony of David and Robert Ryan, on the ground that they

1. EVIDENCE: attorney and client: confidential communications.

were incompetent to testify to any matters respecting which information was obtained from plaintiff as his attorney and confidential adviser. These witnesses both testify that they were not the attorneys of plaintiff with reference to any of the matters about which they testified, and that no information respecting such matters was obtained by them through the confidential relation of attorney and client. From a careful examination of all the evidence, we are satisfied that the testimony of these witnesses is competent.

II. The appellee concedes the general doctrine contended for by appellant, that if one of several sureties receives

2. SURETIES: contribution: indemnity to one inures to benefit of all.

a fund by way of indemnity, it enures to the benefit of all. The evidence shows that at a sale, in October, 1877, the plaintiff purchased

cattle of Mrs. Shropshire to the amount of $1,400, and that he did not at the time of purchase pay or execute a note for them.  The evidence further shows that in March, 1877, the plaintiff drew upon the bank of Newton a check for $1,000, which was paid out of funds belonging to Mrs. Shropshire. It further appears from the evidence that on the nineteenth day of February, 1878, about five hundred acres of land, owned by Mrs. Shropshire, was sold at sheriff's sale upon a judgment on which the plaintiff was surety for a stay, and bid in by Jehu Reinhart on behalf of plaintiff, under a verbal agreement that if, in a short time, she could obtain money to pay the bid at the sale, and some other judgments on which Alexander was stay surety, Jehu would deed the land to her, or to any person she might designate.  On the twenty-seventh of April, Mrs. Shropshire obtained a loan on said lands of $4,250, and, as a condition of the reconveyance to her of the lands bid in by Jehu, Alexander exacted and obtained out of the loan $750.  There is some conflict in the evidence as to the consideration upon which these several sums were received.  The plaintiff insists that the cattle were purchased and held to indemnify him upon his liability on stay bonds for Mrs. Shropshire; that the check was drawn in payment of money of his wife's which he had let Mrs. Shropshire have; and that the consideration of the $750 was his release of a contract of lease of the premises.  From a careful reading and re-reading of the evidence, we think the preponderance of the evidence shows that all of these amounts, when exacted and received, were obtained for the purpose of indemnifying the plaintiff against a liability which he anticipated would fall upon him on account of Mrs. Shropshire's bond as administratrix, as he knew she was in failing circumstances, and approaching insolvency.  All of these sums were in plaintiff's hands at the date of the rendition of the judgment, and they amount to more than enough to satisfy it.  The plaintiff, being indemnified to the full extent of the judgment, is not entitled to contribution from the defendants.

REVERSED.